IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEXTEL WEST CORP., D/B/A/ NEXTEL
COMMUNICATIONS,**

      **Plaintiff,**

vs.                                                                                              Civil No. CIV-05-751 MCA/RLP

**TOWN OF EDGEWOOD, NEW MEXICO;
EDGEWOOD, NEW MEXICO TOWN COUNCIL; and
EDGEWOOD, NEW MEXICO PLANNING & ZONING
COMMISSION,**

      **Defendants.**

**MEMORANDUM OPINION and ORDER
GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS [Docket No. 40].**

      Defendant, Town of Edgewood, denied the application of Plaintiff, Nextel, a wireless telecommunications service provider, to co-locate antennae on an existing tower structure. Nextel seeks declaratory and injunctive relief, alleging that Edgewood's denial of its application violated the Telecommunications Act of 1996.

      The matter presently before the court is Edgewood's Motion to Compel Production of documents related to or showing the projected or anticipated costs and revenue from the proposed site (the existing tower structure) and documents related to or showing the projected or anticipated costs and revenue from locating at alternative sites. [Docket No. 40]. Nextel objected to production of these documents, contending that they are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence because:

      (1) Nextel did not and could not use revenue information in determining what sites were technically feasible,

(2) Its determination of technical feasibility was based on radio frequency propagation studies,

(3) The existing tower structure is one of only two technically feasible sites which complies with Edgewood's telecommunications facilities siting ordinance[1] and meets Nextel's needs,

(4) The alternative site was not available to lease (alternative site),

(5) Other alternatives that provided adequate coverage required the use of multiple towers, in contravention of Edgewood's siting ordinance.

Revenue data may factor into feasibility projections for the placement of wireless communication facilities. *Cf., Town of Amherst, New Hampshire v. Omnipoint Communications Enterprises, Inc.*, 173 F.3d 9, 14-15 (1st Cir. 1999) (Cost calculations part of proposal for siting plan offered as only feasible alternative by telecommunications service provider). Nextel admits that at least one lower priority siting alternative, utilizing multiple towers, existed for placement of its antennae. At this stage in the proceedings, I can not determine that revenue information related to the existing tower structure and this lower priority siting alternative is not relevant or not reasonably calculated to lead to the discovery of admissible evidence.

**IT IS ORDERED** that Defendants' Motion to Compel is Granted. Plaintiff Nextel shall have until May 25, 2006, to produce for inspection and copying documents related to or showing the projected or anticipated costs and revenue from the proposed site (the existing tower structure) (Request for Production 3F) and documents related to or showing the projected or anticipated costs and revenue from locating at alternative multiple tower sites (Request for Production 3G). Because the property for the single tower alternative site was not available for lease, Nextel need not produce

---

[1]Edgewood adopted a Cell Tower Ordinance on December 17, 2003, which discourages the proliferation of towers, and gives first priority to wireless telecommunications facilities co-located on existing structures. (Docket No. 8, Ex. 2, pp. 6-10). The Ordinance, however, does not proscribe Edgewood from approving siting on a lower priority location. *Id.*, p. 9. §7D.

the projected or anticipated costs and revenue from that site.

                                                                         RICHARD L. PUGLISI
                                                                      United States Magistrate Judge