IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEXTEL WEST CORP., D/B/A/ NEXTEL COMMUNICATIONS,**

    **Plaintiff,**

vs.                                                                            **Civil No. CIV -05-751 MCA/RLP**

**TOWN OF EDGEWOOD, NEW MEXICO; EDGEWOOD NEW MEXICO TOWN COUNCIL; EDGEWOOD NEW MEXICO PLANNING & ZONING COMMISSION; and KAREN MAHALICK, Edgewood, New Mexico Planning and Zoning Administrator.**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO AMEND ANSWER**

Defendant, Town of Edgewood ["Edgewood" herein], denied the application of Plaintiff, Nextel ["Nextel" herein], a wireless telecommunications service provider, to co-locate antennae on an existing tower structure owned by a non-party, Telecommunications Partners ["TCP" herein]. The TCP tower had been approved by Edgewood's zoning officer as a permissive use in 2001. Nextel seeks declaratory and injunctive relief, alleging that Edgwood's denial of its application violates the Telecommunications Act of 1996.

The matter presently before the court is Edgewood's Motion to File an Amended Answer pursuant to F.R.Civ.P. 15(a), in order to assert the equitable defense that the 2001 zoning approval by its zoning officer for the TCP tower was invalid. Edgewood contends that the conduct of its then attorney, who failed to disclose a conflict of interest, forms the basis for asserting the invalidity of the zoning approval. [Docket No 36]. The attorney is not a party to this action, nor is the tower owner.

Legal Standard for Motion to Amend

The Tenth Circuit has adopted a liberal standard when determining whether the interests of justice dictate that the court should give leave to amend the pleading. *See, e.g., Calderon v. Kan. Dep't of Soc. and Rehab. Services*, 181 F.3d 1180, 1185-86 (10th Cir.1999). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Courts "balance several factors in deciding whether leave to amend should be granted." 6 C. Wright & A. Miller, Federal Practice & Procedure § 1487, at 612 (2d ed.1990)

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. 227.

Discussion

Consistent with the liberal standard adopted by the Tenth Circuit, Edgewood's Motion to Amend will be granted. I find no bad faith, undue delay or dilatory motive on Edgewood's part in the timing of its Motion to Amend, nor is the amendment necessarily a futility. To be considered futile, I would have to find that Edgewood's proposed amended defense could not withstand a motion for summary judgment. *See Watson v. Beckel*, 242 F.3d at 1237, 1239-40 (10th Cir. 2001). Based on the materials before me, I can not make that finding. To avoid any prejudice to Nextel, it may assert any legal or factual argument in response to this defense, including specifically those raised in its Response to Edgewood's Motion to Amend.

**IT IS ORDERED** that Defendant Town of Edgewoods' Motion to Amend their Answer to Plaintiff Nextel's Complaint is granted.

*[signature]*

Richard L. Puglisi
United States Magistrate Judge
