IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF NEW MEXICO

| | |
|---|---|
| NEXTEL WEST CORP. D/B/A NEXTEL COMMUNICATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF EDGEWOOD, NEW MEXICO; EDGEWOOD, NEW MEXICO TOWN COUNCIL; EDGEWOOD, NEW MEXICO PLANNING & ZONING COMMISSION;<br><br>    Defendants. | No. CIV-05-751 MCA/RLP |

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**COMES NOW** Plaintiff Nextel West Corp. d/b/a Nextel Communications (Nextel) and hereby submits its proposed findings of fact and conclusions of law. Nextel reserves the right to supplement, withdraw or modify any of these proposed findings and conclusions following completion of discovery, rulings on pre-trial motions and the presentation of evidence and legal rulings at trial.

### A. Proposed Findings of Fact

1. Nextel West Corp., d/b/a Nextel Communications is a Delaware corporation. Nextel is duly authorized to conduct business in the State of New Mexico.

Testimony of James Crowther

2. Nextel is licensed by the Federal Communications Commission to provide wireless telecommunications service in an area that includes the Town of Edgewood, New

240311.2

Mexico.

Testimony of James Crowther

3. Nextel provides "commercial radio service", also referred to as "personal wireless service", as those terms are defined, respectively, in 47 USC § 332(d)(1) and 47 USC § 332(c)(7)(C)(i) under its FCC license.

Testimony of James Crowther

4. Nextel is authorized to construct and operate a digital mobile radio system in an area that includes Edgewood, New Mexico, which competes with traditional landline, cellular and wireless phone services.

Testimony of James Crowther

5. The Town of Edgewood, New Mexico is a municipal corporation pursuant to §§ 3-2-1 through 3-2-9 NMSA 1978.

Defendant's Amended Answer to Amended Complaint for<br>Declaratory and Injunctive Relief ¶ 10.

6. There exists a gap in service in Nextel's wireless network system in the Town of Edgewood area that the proposed placement of antennas would correct.

Testimony of Matthew Vandesande and James Crowther<br>Plaintiff's Exhibits 73 and 75

7. Nextel seeks to place its antennas on an existing structure that was designed, approved and constructed to accommodate multiple antenna arrays and microwave dishes for providing cell phone coverage.

Testimony of James Crowther

Plaintiff's Exhibits 45 and 75

8.	To address coverage gaps in Edgewood, the area surrounding the town and along the I-40 corridor, Nextel identified an existing tower in Edgewood on which it could collocate its antennas.

Testimony of Matthew Vandesande and Douglas Kofford
Plaintiff's Exhibits 23 and 24

9.	Nextel evaluated whether viable alternatives to the use of the existing tower were present and determined that none were available that did not involve the construction of multiple new telecommunication sites in the area, resulting in the proliferation of cell towers.

Testimony of Matthew Vandesande and Douglas Kofford
Plaintiff's Exhibits 9, 39, 40, 41, 58, 59, 61, 65 and 74

10.	The subject tower is a 185 foot high lattice work steel tower, which was constructed in 2001 under a permit from the State of New Mexico following approval of a Development Review Application from Edgewood to construct a tower that would structurally support and accommodate the antenna arrays of five telecommunications service providers and additional microwave antennas.

Testimony of Bruce Budagher
Plaintiff's Exhibits 8, 11 and 12

11.	Telecom Partners, LLC obtained a building permit from the State of New Mexico, Construction Industries Division, to construct the subject tower.

Testimony of Bruce Budagher
Plaintiff's Exhibits 8, 11 and 12

240311.2

12. Telecom Partners proposed tower was considered a "permitted use" under Edgewood's then-existing zoning ordinance and the request to construct the tower was approved by the Town's planning and zoning officer.

>Testimony of Kelly Moe and Bruce Budagher
>Plaintiff's Exhibits 4, 8, 15A, 16, 19 and 75

13. The subject tower was constructed and is owned by Telecom Partners.

>Testimony of Bruce Budagher
>Plaintiff's Exhibits 8, 29 and 30

14. Telecom Partners constructed the subject tower to accommodate up to five sets of antenna arrays and additional microwave antennas.

>Testimony of Bruce Budagher
>Plaintiff's Exhibit 30

15. After the tower was constructed, two other telecommunications service providers placed antenna arrays on the tower. These antennas were installed by mid-2003.

>Testimony of Bruce Budagher
>Plaintiff's Exhibit 22

16. The Town of Edgewood's approval of the Telecom Partners tower contemplated placement of five antenna arrays from wireless carriers on its tower.

>Testimony of Kelly Moe and Howard Calkins
>Plaintiff's Exhibits 30, 66, 66A, 67 and 67A

17. On July 6, 2004, Nextel submitted an application to the Town of Edgewood to locate a wireless communications facility on the subject tower.

>Testimony of James Crowther and Douglas Kofford
>Plaintiff's Exhibits 32, 44, 45, 52 and 55

240311.2

18.     The Town of Edgewood's consultant on siting of wireless telecommunication facilities, The Center for Municipal Solutions (CMS), found Nextel's application to be complete and in compliance with Ordinance 2003-11. CMS therefore recommended to the Town that it issue a Special Use Permit to Nextel subject to certain conditions.

Testimony of Douglas Kofford, Karen Mahalick, Richard Comi and Mel Patterson<br>Plaintiff's Exhibits 46, 48 and 49

19.     The Town of Edgewood's Planning and Zoning Commission recommended approval of Nextel's application.

Testimony of Douglas Kofford<br>Plaintiff's Exhibit 50

20.     The addition of the Nextel antenna array to the subject tower will substantially improve quality of cell phone coverage in Edgewood and the surrounding area.

Testimony of Matthew Vandesande and James Crowther<br>Plaintiff's Exhibits 23, 24 and 25

21.     Nextel's application to collocate its antenna array on the subject tower would not exacerbate any existing conflict of the subject tower with the character of the community by placing an additional visual, aesthetic and economic intrusion onto an already intrusive onto an already intrusive structure because Nextel's application does not seek to modify the tower in any way except by the addition of an antenna array between two other existing antenna arrays and is minimally intrusive.

Plaintiff's Exhibits 45, 47, 49 and 54

22.     The addition of Nextel's antenna array will add no height to the tower and will

not result in any structural modification to the tower.

> Testimony of Bruce Budagher and James Crowther
> Plaintiff's Exhibits 54 and 57

23. Nextel's proposed antenna array and associated equipment will meet the health and safety standards for electromagnetic field emissions as established by the FCC and any other federal or state agency or Edgewood.

> Testimony of James Crowther and Douglas Kofford
> Plaintiff's Exhibits 45 and 54

24. On December 17, 2003, Edgewood passed its Ordinance of 2003-11 entitled "A Local Ordinance Regulating The Siting Of Wireless Telecommunication Facilities."

> Testimony of Karen Alarid
> Plaintiff's Exhibits 33, 34, 36, 37 and 38

25. The motion to adopt Ordinance 2003-11 was passed incorporating the wording "all future towers are required to be stealth."

> Testimony of Howard Calkins and Karen Alarid
> Plaintiff's Exhibit 37

26. Ordinance 2003-11 was adopted by the Edgewood Town Council without prior public notice of the proposed ordinance.

> Testimony of Karen Alarid and Karen Mahalick
> Plaintiff's Exhibits 34 and 87

27. Ordinance 2003-11 sets forth a process for obtaining a special use permit for construction and use of wireless telecommunication facilities. This ordinance includes the following provisions:

240311.2

(a) A policy of "whenever possible, the sharing and/or co-location of Wireless Telecommunication Facilities among service providers."

(b) The highest priority in locating facilities is to locate the facilities on existing structures without increasing the height of the structure.

(c) There "shall be no public hearing required for an application to co-locate on an existing town" so long as there is no proposed increase in the height of the tower.

> Testimony of Karen Alarid
> Plaintiff's Exhibit 38

28. Ordinance 2003-11 states that existing structures, or towers, may continue and it is only "visible modification[s]" to the structure that must comply with the Ordinance.

> Testimony of Karen Alarid
> Plaintiff's Exhibit 38

29. Ordinance 2003-11,

(a) specifies that the Town may approve a site if it "is in the best interest of the health, safety and welfare of the Town and its inhabitants and will not have a deleterious effect on the nature and character of the community and neighborhood,"

(b) requires the proposed facility "harmonize with the natural surroundings, . . . [to] include stealth or concealment technology as may be required by the Town,"

(c) allows that an application may be denied if it "[c]onflict[s] with the historic nature or character of a neighborhood," and

(d) requires the owner negotiate in good faith for shared use of the facility in the future.

> Testimony of Karen Alarid
> Plaintiff's Exhibit 38

240311.2

30. The Town Council of Edgewood held a hearing on Nextel's application on October 20, 2004, which was continued on April 25, 2005.

> Testimony of James Crowther and Douglas Kofford
> Plaintiff's Exhibits 57 and 73

31. At the October 20, 2004 hearing, the Town Council tabled Nextel's application and requested Nextel to provide additional information regarding possible alternative sites for the facility and possible waivers from property owners adjacent to the subject tower. Subsequent to the hearing, Nextel provided that information to Edgewood.

> Testimony of James Crowther and Douglas Kofford
> Plaintiff's Exhibit 57

32. During the hearings on Nextel's application, the members of the Town Council expressed concerns about the characteristics of the subject tower rather than the characteristics of the additional antenna array proposed by Nextel.

> Testimony of Douglas Kofford
> Plaintiff's Exhibit 73

33. During the hearings on Nextel's application, the Town of Edgewood accepted testimony from Dave Ellidge, Vice President of the Los Cerritos Homeowners Association, in opposition to the application. Mr. Ellidge testified that he would move from his house if the application were approved because he is "not interested in having a microwave tower anywhere close to my property." Mr. Ellidge added that "I've seen what microwaves can do."

> Testimony of Karen Alarid and Douglas Kofford
> Plaintiff's Exhibit 73

34. Following submission by Nextel of the additional information requested by

8

Edgewood, the Town Council held a public hearing on Nextel's application on April 20, 2005. At the April 20 hearing, no additional requests for information were made of Nextel. The Town Council voted to deny Nextel's application.

Testimony of James Crowther and Douglas Kofford<br>Plaintiff's Exhibit 73

35. On or about June 9, 2005, the Town of Edgewood issued its Findings of Fact and Conclusions of Law on Nextel's application in support of Edgewood's decision to deny Nextel's application.

Testimony of C. David Henderson and Karen Alarid<br>Plaintiff's Exhibit 75

36. The addition of Nextel's antennas on the tower does not conflict with "safety related regulations."

Testimony of Bruce Budagher<br>Plaintiff's Exhibits 45 and 73

37. There are no safety concerns with the subject tower.

Testimony of Bruce Budagher<br>Plaintiff's Exhibits 6, 7, 13, 25, 45, 60, 61, 63, 73 and 75

38. At the August 17, 2005 meeting on reconsideration of Nextel's application, Nextel submitted additional information obtained from the town's public records. The Town Council made no decision on Nextel's request for reconsideration.

Testimony of Karen Alarid<br>Plaintiff's Exhibit 79

39. The Town of Edgewood has issued no notices of violation to Telecom Partners

240311.2

regarding the permitting of the subject tower's existing antennas.

      Testimony of Bruce Budagher and Karen Alarid

40. Since denying Nextel's application, the Town of Edgewood has not sought to remove the two existing antenna arrays from the subject tower.

      Testimony of Bruce Budagher

41. Nextel's application to collocate its antenna array on the subject tower does not conflict with the character of the community.

      Testimony of Douglas Kofford and Matthew Vandesande
      Plaintiff's Exhibit 49

42. Nextel's application to collocate its antenna array on the subject tower complies with Ordinance 2003-11.

 Testimony of Douglas Kofford, Matthew Vandesande, Richard Comi and Mel Patterson
 Plaintiff's Exhibits 45, 46, 47, 48, 49, 50, 53, 54, 55, 57, 63, 68, 69, 70, 71 and 72

43. On December 7, 2005, the Town of Edgewood approved an application by New Cingular Wireless/General Dynamics for a special use permit under Ordinance 2003-11 to place an additional antenna upon an existing monopole owned by Alamosa PCS.

      Testimony of Sean Milks and Karen Alarid
      Plaintiff's Exhibits 80, 81, 82, 83, 84, 85, 86 and 88

44. On April 19, 2006, the Town of Edgewood granted relief to the New Cingular/General Dynamics on the setback requirement under the Ordinance 2003-11.

      Testimony of Sean Milks and Karen Alarid

240311.2

Plaintiff's Exhibits 88, 89 and 90

45.     There is no material distinction between the Nextel application to collocate its antenna array on the subject tower and the New Cingular/General Dynamics application to collocate its antenna array on the Alamosa PCS.

Testimony of Matthew Vandesande, James Crowther, Douglas Kofford and Sean Milks
Plaintiff's Exhibits 80, 81, 82, 83, 84, 85, 86, 88, 89 and 90

240311.2

## B. Proposed Conclusions of Law

1.　This action is brought under 47 USC § 332(c)(7)(B)(v) which authorizes expedited judicial review of actions brought under Section 704 of the Telecommunications Act of 1996 and under 47 USC § 253(a).

2.　This action is also brought under 28 USC §§ 2201 and 2202, which provide for the granting of declaratory judgments regarding the rights and legal relations of an interested party in a case of actual controversy.

3.　Jurisdiction is vested in this Court pursuant to 28 USC §§ 1343 and 1331.

4.　Venue is proper in this district under 28 USC § 1391(b).

5.　The Town of Edgewood's approval of the subject tower is valid.

6.　Edgewood cannot change the legal status of the subject tower through Nextel's application to place an antenna array upon it.

7.　Nextel's proposed use of the subject tower is a legal nonconforming use.

8.　Ordinance 2003-11 allows unreasonable discretion on the part of the Town of Edgewood in ruling on application for wireless telecommunication facilities that it is tantamount to a prohibition of wireless services.

9.　Because the plain language of Ordinance 2003-11 does not require existing structures to conform to the Ordinance and the Ordinance also addresses the use of existing facilities without requiring them to conform, the Ordinance cannot be interpreted as applying retroactively to existing structures.

10.　The provisions in Ordinance 2003-11 applicable to cell towers do not apply to the subject tower because the tower was approved and built prior to the adoption of the Ordinance. The tower does not need to conform to the ordinance as a condition of approval of Nextel's

application to collocate its antenna array on the tower.

11. There is no substantial evidence in the written record to support the Town of Edgewood's Findings of Fact Nos. 4, 7, 10, 12, 14, 16, 17, 19, 20, 21, 23, 24, 25, 26, 27, 28, 31 and 32.

12. There is no substantial evidence in the written record to support the Town of Edgewood's Conclusion of Law B that the governing body has discretion to approve or disapprove of Nextel's application because there exists no vested right by Telecom Partners or any third party, including Nextel, to grant of the application.

13. Telecom Partners has a vested right to place five antenna arrays from wireless carriers on its tower.

14. If there is no vested right allowing Nextel to collocate its antenna array on the subject tower, then placement of the antenna on the tower is permitted as an accessory use of the tower.

15. There is no substantial evidence in the written record to support the Town of Edgewood's Conclusion of Law C that the grant of a special use permit to Nextel or Telecom Partners would conflict with valid safety-related regulations.

16. There is no substantial evidence in the written record to support the Town of Edgewood's Conclusion of Law D that the grant of a special use permit to Nextel or Telecom Partners would conflict with the character of the surrounding community and would have a negative visual, aesthetic and economic impact on the surrounding community.

17. Ordinance 2003-11 is invalid due to the Town of Edgewood's failure to provide public notice of the proposed ordinance before it was adopted.

18. By denying Nextel's application to collocate its antenna array on the subject

tower when two other wireless service providers already have antenna arrays on the tower, Edgewood has unreasonably discriminated among providers of functionally equivalent services in violation of 47 USC § 332(c)(7)(B)(i).

19. By denying Nextel's application to collocate its antenna array on the subject tower based on the tower's non-compliance with the set back requirement but granting relief to New Cingular Wireless on the set back requirement so New Cingular Wireless could place antennas on another existing tower, Edgewood has unreasonably discriminated against Nextel in violation of 47 USC § 332(c)(7)(B)(i).

20. By denying Nextel's application to collocate its antenna array on the subject tower, Edgewood has effectively prohibited the provision of personal wireless services by Nextel in violation of 47 USC § 332(c)(7)(B)(i).

21. By denying Nextel's application to collocate its antenna array on the subject tower, Edgewood has acted without substantial evidence in support of this decision in violation of 47 USC § 332(c)(7)(B)(iii).

22. By denying Nextel's application to collocate its antenna array on the subject tower, Edgewood has improperly considered the perceived environmental effect of radio frequency emissions and has violated 47 USC § 332(c)(7)(B)(iv).

23. The Ordinance provides the Town unfettered discretion to deny applications, prohibiting the provision of personal wireless services by Nextel in violation of 47 USC § 253(a).

24. Edgewood's decision to deny Nextel's application to collocate its antenna array on the subject tower is not supported by substantial evidence.

25. Edgewood's denial of Nextel's application to collocate its antenna array on the

240311.2

subject tower is inconsistent with the Telecommunications Act.

26.   Nextel is entitled to declarative and injunctive relief from this Court in the form of an order declaring that the Town of Edgewood has acted in violation of the Telecommunications Act of 1996, by denying Nextel's application to collocate its antenna array on the subject tower and requiring Edgewood to allow the collocation of Nextel's antenna array on the tower as proposed in Nextel's application.

Respectfully submitted,

LEWIS AND ROCA JONTZ DAWE, LLP

By  *Cynthia A. Loehr*
Ross L. Crown
Jeffrey Albright
Cynthia A. Loehr
Attorneys for Plaintiff Nextel West Corp., d/b/a
Nextel Communications
201 Third Street, NW  Suite 1950
Albuquerque, NM  87102
(505) 764-5400

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 29th day of August, 2006, I caused a true and correct copy of the foregoing proposed findings of fact and conclusion of law to be mailed to counsel of record as follows:

C. David Henderson
Downing & Henderson, P.C.
2074 Galisteo St. #B5
Santa Fe, NM 87505-2157

*/s/ Cynthia A. Loehr*
Cynthia A. Loehr

16

240311.2